**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN L. WELCH** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Civil Case No. 3:17-cv-3023** |
| | § | |
| **HUB GROUP TRUCKING, INC.** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(Jury Demand)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Brian L. Welch, complaining of Hub Group Trucking, Inc., Defendant, and for cause of action, Plaintiff would show the Court the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over his matter pursuant to 28 U.S.C. §1331 and Title VII of the Civil Rights Act of 1964 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1).

**THE PARTIES**

*Plaintiff*

2. Plaintiff Brian L. Welch is a Texas resident and resides in Dallas County, Texas.

*Defendant*

3. Defendant Hub Group Trucking, Inc. is a foreign for-profit corporation duly authorized to do business in the State of Texas. It may be served with process through its registered

agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## **FACTS**

4.      Plaintiff worked as a truck driver for Defendant, Hub Group Trucking, Inc., for approximately four (4) years.  He is a black, bisexual man.  During his tenure, he was subjected to the following harassment and discrimination:

5.      In May of 2015, Plaintiff noticed that his brakes had been tampered with. The brake drum hose was disconnected. Maintenance was able to confirm that someone had tampered with it because of fresh tool marks and that it was impossible for the line to come loose by itself without damage.

6.      In June of 2015, Plaintiff heard Michael McManis call a coworker, Fatai Azeza a "nigger" in the parking lot. Plaintiff reported this to Tony Nieves, his supervisor. Mr. Nieves denied that Mr. McManis would say this and nothing was done to correct this.

7.      In November of 2015, Robert Frick informed Plaintiff that Michael McManis had said "niggers train niggers and whites train whites" when referencing training. Plaintiff reported this to Tony Nieves. Again, nothing was done to correct this by Tony Nieves.

8.      In March of 2016, Plaintiff reported tire issues to his safety manager. The safety manager did not do anything to correct the safety issue. They placed another truck's tires on Plaintiff's truck while giving the other truck new tires.

9.      In March of 2016, Plaintiff began to notice that he was not given new drivers to train resulting in less work for him and less pay, a decision that was made by Tony Nieves.

10.     In October 2016, Plaintiff saw writing in the bathroom that said, "we will kill all niggers." Plaintiff reported this immediately to Tony Nieves. Tony Nieves did nothing to correct this.

11.     Also in October 2016, a noose was hung in the tree in front of the entrance to the building. Plaintiff feared for his life.  This was also reported.

12.     Plaintiff was subjected to an investigation of his sexual orientation and was denied a promotion despite the fact that he was qualified for the position. Plaintiff was told by a coworker, Byron White, that people were talking about his sexual orientation and were out to fire him because he was gay. Plaintiff was treated differently because of his sexual orientation. Plaintiff reported this to Tony Nieves and HR after he received this information. Nothing was done to correct this problem. Further, Plaintiff was falsely accused of inappropriately touching drivers he was training. Plaintiff was discriminated against and harassed because of his sexual orientation.

13.     Plaintiff was a witness against the Defendant in a discrimination matter brought by another employee who had been treated unfairly.  Plaintiff was also retaliated against because of this involvement.

14.     Plaintiff complained of being discriminated and retaliated against because of his race and sexual orientation after filing a charge of discrimination with the US Equal Employment Opportunity Commission.

## **ALLEGATIONS**

**A.     Discrimination, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981**

15.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

16.    As set forth above, Plaintiff was discriminated against because of his race and sexual orientation.  Defendant also created a racially hostile work environment.

17.    Defendant therefore has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

18.    Defendant's violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

**B.    Retaliation under Title VII of the Civil Rights Act of 1964, as amended and in violation of 42 U.S.C. §1981**

19.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

20.    As set forth above, Plaintiff has been retaliated against by Defendant for reporting discriminatory actions.  His transfer to other stores, lack of promotion and discipline, and termination were retaliation. Therefore, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1981.

21.    Defendant's violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

## DAMAGES

22.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of back pay, front pay, other economic damage, and past and future mental anguish. Plaintiff is also entitled to exemplary damage because of the nature of Defendant's conduct.

## ATTORNEY'S FEES

23.     Plaintiff has been forced to obtain counsel to represent him in this matter. Plaintiff is entitled to reasonable attorney's fees pursuant to the Title VII and 42 U.S.C. §1981.

## CONDITIONS PRECEDENT

24.     All conditions precedent to the bringing of the present litigation, such as the filing of an EEOC charge and a notice of right to sue letter being obtained, have occurred or have been performed. Attached as Exhibit A is the Notice of Right to File a Civil Action obtained from the EEOC.

## COURSE AND SCOPE

25.     The actions of Defendant described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## JURY DEMAND

26.     Plaintiff demands a trial by jury of all claims asserted in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that he be awarded punitive damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and all other relief to which he is entitled.

Respectfully submitted,


*/s/ David B. Joeckel, Jr.*
David B. Joeckel, Jr.
State Bar No. 10669700

THE JOECKEL LAW OFFICE
219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 925-8600
(817) 924-8603
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF